*This case was not selected for publication in the Federal Reporter*

**JIANG WEN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

**No. 07–3643–ag.**

United States Court of Appeals, Second Circuit.

April 18, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Richard Tarzia, Belle Mead, NJ, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Blair T. O'Connor, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jiang Wen Zheng, a native and citizen of the People's Republic of China, seeks review of an August 14, 2007 order of the BIA affirming the August 8, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Jiang Wen Zheng, No. A98 717 884 (B.I.A. Aug. 14, 2007), aff'g No. A98 717 884 (Immig. Ct. N.Y. City Aug. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see,

e.g., Zhou Yun Zhang v. I.N.S., 386 F.3d 66, 73 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice, 494 F.3d 296, 305 (2d Cir.2007) (en banc). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. See Cao He Lin v. U.S. Dep't. of Justice, 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. See, e.g., Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

The agency found that Zheng did not have a well-founded fear of persecution in China for two reasons: first, Zheng's asylum application indicated that he might qualify for an exception to the one-child policy because his first child, who remains in China, was disabled; second, Zheng and his wife testified that she and their second child would stay in the United States if Zheng were to be removed to China.

Zheng did not challenge either of these findings before this Court. Furthermore, Zheng did not challenge the agency's denial of CAT relief in his opening brief. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Zheng failed to sufficiently argue that the agency erred in denying asylum and withholding of removal for the reasons above or to challenge the denial of CAT relief before this Court, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, we deem any such arguments waived.[2] Zheng's failure to chal-

---

**2.** Zheng argues that the BIA violated his due process rights by relying on the 2007 Asylum

Profile for China without giving him a chance to rebut this evidence. We find no violation

lenge the agency's finding that he did not establish a well-founded fear of persecution is fatal to his petition for review.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

here because the BIA only cited to the profile in an alternative finding that had no impact on the dispositive findings discussed above. *See Burger v. Gonzales,* 498 F.3d 131, 134–135 (2d Cir.2007) ("[A]n asylum applicant must be given notice of, and an effective chance to respond to, potentially *dispositive,* administratively noticed facts.") (emphasis added).

